## H. GOODLOE'S EXOR. *v.* D. T. DAVIE AND A. C. COLLIER.

**Estates Tail—Devise—Mutual Exchange.**
 A devise of lands was made, in trust for the devisees and their children during their lives, with power of sale by the trustee for re-investment, etc.: Held, to authorize a mutual exchange of the separate interests between the devisees.

**Same—Re-Investment.**
 A re-investment of a surplus for one of the devisees, through her husband as trustee, held not improper.

### APPEAL FROM WOODFORD CIRCUIT COURT.

**June 10, 1869.**

OPINION OF THE COURT BY JUDGE WILLIAMS:

Apellants petitioned the chancellor to confirm a contract of sale and exchange between Mrs. Davie and her sister, Mrs. Collier, of land devised by their deceased father, in trust for them and their children during their lives, and then to their heirs, with power in the trustees to sell and re-invest the proceeds, etc.

A portion of the land was devised for life to the testator's widow. Mrs. Collier exchanged her interest in this dower land for her sister's interest in the other lands and gave $2,000 difference in money. The chancellor confirmed the trade and directed the trustee, Stout, to convey Mrs. Davie's interest to Mrs. Collier, and appointed her husband, G. J. Davie, to invest the $2,000 in lands in Tennessee, under the same restrictions imposed in the will, but Stout, the testamentary trustee, refused to make the conveyance and from the peremptory order directing him to do so he has appealed.

The judgment is virtually according to the prayer of the petition, save as to the substitution of Mrs. Davie's husband as her trustee in place of Stout, of which he does not complain.

The direction as to the conveyance of Mrs. Collier's interest in the dower land is not as specific as could have been desired, but this is still under the direction of the court, as he must approve the deed and should see that it is conveyed under the same limitations and with the same conditions unmixed as is imposed by the will on Mrs. Davie's interest. In a word, all the deeds both ways should be in strict accordance to the will, and then no alteration in the entail would be made. Of course this could only attach to one-third of Mrs. Collier's purchase of her sister, Mrs. Davie, as she pays two-thirds in money, and only one-third in land devised by her father, but as these things may yet be done, we see no reversible error in the judgment, and it is therefore affirmed.

*Porter & Greathouse, for appellant.*
*W. C. Goodloe, for appellees.*